UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO MARSHALL                              CIVIL ACTION

VERSUS                                        NO. 06-4534

DAIMLERCHRYSLER MOTORS                        SECTION T(2)
CORPORATION, LLC

     Before the Court is a Motion for Summary Judgment (Document 26) filed on behalf of DaimlerChrysler Motors Company, LLC ("DCC. LLC"). The parties waived oral argument and the matter was taken under submission on July 18, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

     It has come to the attention of the Court that by error, the Order granting defendant's Motion for Summary Judgment (Doc. 39) noted that the deadline for plaintiff to file his expert's written reports was August 13, 2007. The correct deadline was July 13, 2007. In addition, the caption inadvertently titled the Civil Action 06-5434, as opposed to 06-4534. This Amended Order and Reasons is being issued to reflect the correct deadline and Civil Action number.

**AMENDED ORDER AND REASONS**

I. **BACKGROUND**

This product-liability claim arises out of a one-vehicle accident that occurred when plaintiff, Antonio Marshall, was driving a rented 2005 Dodge Durango. Plaintiff alleges that the vehicle "suddenly and without warning went off the roadway striking a tree at approximately 35 mph." According to the plaintiff, the air bag failed to deploy and he sustained injuries to his shoulder, neck, back and face. Plaintiff does not have possession, custody or control of the Durango or any component of its air bag system, nor has he had the vehicle or its air bag system inspected by any expert witness. Plaintiff claims that the Durango's driver's side air bag should have deployed in the accident and sued DCC, LCC, asserting that the Durango, and specifically its air bag system, was unreasonably dangerous.

During an April 11, 2007 status conference, Judge Lance M. Africk ordered plaintiff's counsel to "provide initial disclosures within ten (10) days" and the Court granted DCC, LLC permission to file a motion for summary judgment within thirty (30) days after receipt of initial disclosures (Rec. Doc. 21). Plaintiff has failed to provide his initial disclosures as ordered and DCC, LLC now moves for summary judgment, dismissing plaintiff's claims with prejudice and at plaintiff's cost.

II. **LAW AND ANALYSIS OF THE COURT**

    A. **LAW ON RULE 56 SUMMARY JUDGMENT**

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."[1]  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.[2]  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."[3]

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."[4]  Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[5]

### B.    LOUISIANA PRODUCTS LIABILITY LAW

The Louisiana Products Liability Act ("LPLA") "establishes the exclusive theories of liability for manufacturers for damages caused by their products".[6]  A manufacturer can be held liable for damage proximately caused by the characteristic of the product that renders it

---

[1] FED. R. CIV. P. 56(c).

[2] *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

[4] *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] LA. REV. STAT. 9:2800.52; *Lewis v. Intermedics Intraocular, Inc.,* 56 F.3d 703, 706 (5th Cir. 1995)*; Brown v. R.J. Reynolds Tobacco Co.,* 52 F.3d 524, 526 (5th Cir. 1995)*.*

unreasonably dangerous. Section 2800.54 of the LPLA establishes elements of a cause of action under the statute:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.[7]
>
> A product is unreasonably dangerous if and only if:
>
> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56
>
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58[8]
>
> The Plaintiff has the burden to prove each essential element under any of these theories in order to establish a claim under the LPLA.[9]

Plaintiff's Opposition to Motion for Summary Judgment represents to the Court that he is only claiming that the product is unreasonably dangerous because an adequate warning was not provided and because the air bag system failed to conform with an express warranty. As such, the Court only need examine these two theories under the LPLA.

---

[7] LA. REV. STAT. 9:2800.54(A).

[8] LA. REV. STAT. 9:2800.54(B).

[9] LA. REV. STAT. 9:2800.54(D).

### 1.     Failure to Warn

A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left the manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.[10]  The plaintiff's lawsuit alleges that DCC, LLC "did not provide an adequate warning about the air bag."  His discovery responses, however, state, "[D]efendant failed to warn petitioner that as designed the air bag safety system was defective and unreasonably dangerous and would not deploy when the vehicle strikes an object at a speed of 35 mph."  *See* Plaintiff's Answers to Interrogatories, No. 2.  In addition, it states, "defendant failed to warn petitioner, contrary to reasonable consumer belief, that the air bag safety system would not deploy when the vehicle is involved in a frontal collision at an impact of 35 mph."  *Id.* at No. 6.

The defendant contends that to the extent the plaintiff's lawsuit states a warnings claim, that claim depends on proof that the Durango's air bag system was unreasonably dangerous in design.  The record contains no evidence sufficient to support plaintiff's design claim as plaintiff has provided no expert testimony with proves that the air bag system was unreasonably dangerous in design.  As such, the Court finds that DCC, LLC cannot be liable for failing to warn of a design defect whose existence the evidence is insufficient to establish.

The plaintiff argues that it is premature for the Court to decide this issue at this stage in the proceedings as "discovery is still available to secure the evidence that will allow the jury to

---

[10]LA. REV. STAT. 9:2800.57

make a factual finding." See Plaintiff's Opposition, p. 3. The Court notes, however, that the deadline for plaintiff to file his expert's written reports, as defined by the Federal Rule of Civil Procedure 26(a)(2)(B) was July 13, 2007. To date, plaintiff has neither submitted any expert reports nor requested an extension of the deadline. Therefore, plaintiff is precluded from raising questions of fact based on anticipated trial testimony of an expert witness whose report has not be submitted to the Court.

### 2. Express Warranty

A plaintiff claiming that a product is defective for failing to conform to an express warranty must show that an "express warranty" made by the manufacturer has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.[11] "Express warranty" means:

> A representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possess specified characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty.[12]

The plaintiff alleges that the defendant expressly warranted that its vehicle met all NTSB and Federal Government safety standards mandated for the installation of air bag safety systems in 2005 model year vehicles. The defendant argues, and this Court agrees, that plaintiff has put

---

[11] LA. REV. STAT. 9:2800.58

[12] LA. REV. STAT. 9:2800.53

forth no evidence to establish the existence of the alleged express warranty, nor does the record contain any evidence that the Durango in question failed to comply with any NTSB and Federal Government safety standards. As such, plaintiff's warranty claim must fail, as there is no evidence to establish the existence of the alleged express warranty and no evidence to establish, or even suggest, that the alleged express warranty was untrue.

For the reasons stated above, the Court finds that plaintiff's claims that the Durango, and specifically its air bag system, was "unreasonably dangerous" within the meaning of the LPLA must fail.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the Defendant be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 24th day of July, 2007.

**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**